IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

JERRY LEWIS DEDRICK                §

VS.                                § CIVIL ACTION NO. 1:06cv463

UNITED STATES OF AMERICA           §

MEMORANDUM OPINION

Plaintiff Jerry Lewis Dedrick, an inmate confined at the United States Penitentiary at Beaumont, Texas, proceeding *pro se*, brings this civil rights lawsuit pursuant to *Bivens v. Six Unknown Agents of the Bureau of Narcotics and Dangerous Drugs*, 403 U.S. 388 (1971).

Factual Allegations

In 2003, pursuant to a plea of guilty entered in the United States District Court for the Western District of Texas, petitioner was convicted of aiding and abetting the possession of more than 50 grams of cocaine base with the intent to distribute. He was sentenced to 292 months imprisonment and a 5 year term of supervised release. The sentence was affirmed by the United States Court of Appeals in an unpublished opinion. *United States v. Dedrick*, No. 03-50397 (Jan. 23, 2004).

Plaintiff subsequently filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion to vacate was denied by the trial court on November 8, 2004. *Dedrick v. United States*, No. 04cv46 (W.D. Tex.).

Plaintiff states he is being falsely imprisoned because the conviction described above is invalid. He states the conviction is

invalid because his indictment was not stamped with the "Government Seal of Certificate of Notarization" and was not signed by the foreperson of the grand jury. Plaintiff seeks money damages for the time he has been illegally confined.

## Analysis

In order to recover damages for allegedly unconstitutional imprisonment, or for other harm caused by actions whose unlawfulness would render a person's imprisonment invalid, a plaintiff must prove that the imprisonment or its duration has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, *supra*.[1] A claim for damages based on an imprisonment that has not been so invalidated does not state a cause of action. The principle that civil tort actions are not appropriate vehicles for challenging the validity of confinement applies to lawsuits that necessarily require the plaintiff to prove the unlawfulness of his confinement. *Id*. at 2372.

As a result, when a prisoner seeks damages in a civil rights lawsuit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that his confinement has already been invalidated. *Id.* If, however, the court determines that the

---

[1] *Heck* involved a lawsuit filed pursuant to 42 U.S.C. § 1983 in which a finding in the plaintiff's favor would have implied that a state criminal conviction was invalid. However, the principles established in *Heck* also apply to lawsuits filed pursuant to *Bivens*. *See Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994).

plaintiff's action, even if successful, would not demonstrate the invalidity of plaintiff's confinement, the action should be allowed to proceed, in the absence of any other bar to the suit. *Id*. at 2372-73.

In this lawsuit, plaintiff argues he has been falsely imprisoned because his conviction was invalid. A finding in plaintiff's favor would therefore necessarily imply the invalidity of the fact or duration of his confinement. Accordingly, plaintiff would be entitled to proceed with this claim only if the *Heck* requirements regarding the fact and duration of his confinement had been satisfied by his conviction having previously been declared to be invalid. As plaintiff does not assert the *Heck* requirements have been satisfied with respect to his claim, *Heck* bars him from proceeding with this claim.[2] Plaintiff has therefore failed to state a claim upon which relief may be granted.[3]

---

[2] Plaintiff has been released from confinement. However, even a prisoner who has been released from confinement must satisfy the *Heck* requirements when a finding in his favor would imply the invalidity of the duration of his confinement. *See Randell v. Johnson*, 227 F.3d 300 (5th Cir. 2000).

[3] Under other circumstances, the court might liberally construe this filing as a motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255, or as a petition for writ of habeas, filed pursuant to 28 U.S.C. § 2241. However, as a prior motion to vacate, set aside or correct sentence has been denied, plaintiff may not file a second motion to vacate without obtaining leave from the United States Court of Appeals for the Fifth Circuit. In addition, as plaintiff's grounds for review are not based on a retroactively applicable Supreme Court decision and do not demonstrate plaintiff was convicted of a nonexistent offense, the grounds for review may not be pursued in a petition filed pursuant to Section 2241. *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001).

### Conclusion

For the reasons set forth above, this lawsuit will be dismissed for failure to state claim upon which relief may be granted. An appropriate final judgment shall be entered.

**SIGNED** this the 5 day of **March, 2007.**

_____
Thad Heartfield
United States District Judge